IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **vs.** ) | **Criminal Action No. 19-00226-KD-MU** |
| ) | |
| **MELANIE LEE HARVILLE,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This action is before the Court on Defendant Melanie Lee Harville's "Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) Extraordinary and Compelling Circumstances" (doc. 39). Upon consideration, and for the reasons set forth herein, the Motion is DENIED.

I. Background

Harville was indicted in a five-count Indictment charging possession with intent to distribute methamphetamine. She pled guilty to Count Five and was sentenced on January 31, 2020 to a term of 37 months (doc. 37). Harville is now 40 years old. She is incarcerated at FCI Aliceville at Aliceville, Alabama. Her estimated release date is March 23, 2022.

II. Statutory Prerequisites

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the

term of imprisonment . . . " 18 U.S.C. § 3582(c)(1)(A). First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Harville filed her motion on March 7, 2021,[1] which could have been within the 30-day period. She provides the Court with a copy of the Warden's denial of her "request for a Compassionate Release/Reduction in sentence" dated February 12, 2021 (doc 39, p. 3). Harville does not indicate when the Warden <u>received</u> the request, the triggering point for the requisite lapse of 30 days. Although Harville may not have strictly adhered to the statute by filing her motion before the requisite time period passed, in this procedural posture, where 30 days have lapsed since the Warden received her request, the Court sees no reason to dismiss the motion without prejudice. See <u>United States v. Skaff</u>, 2020 WL 3490074, at *1 (S.D.W. Va. June 25, 2020) ("Although Mr. Skaff petitioned the court on June 4, 2020, before 30 days had passed since the Warden's receipt, I find it would be a waste of judicial resources to have Mr. Skaff refile the motion now that 30 days have elapsed since the Warden's receipt of the compassionate release request."); <u>United States v. Blake</u>, No. 15-CR-80018, 2020 WL 4677309, at *4 (S.D. Fla. Aug. 12, 2020) (same).

III. <u>Compassionate release</u>

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) provides that "the court . . . upon motion of the defendant. . . may reduce the term of imprisonment" after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)" and upon finding "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. §

---

[1] <u>Burke v. United States,</u> 762 Fed. Appx. 808, 809–10 (11th Cir. 2019) ("Under the prison mailbox rule, an inmate's pro se § 2255 motion is deemed filed on the date it was delivered to prison authorities for mailing. Absent evidence to the contrary, we presume that a movant delivered his motion to prison authorities on the date he signed it. The government bears the burden of proving that the motion was delivered to prison authorities on a different date.") (citing <u>Jeffries v. United States</u>, 748 F.3d 1310, 1314 (11th Cir. 2014)).

3582(c)(1)(A). Additionally, the statute provides that the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

As extraordinary and compelling reasons, Harville argues that she should be released to assist her ill and infirmed mother with the care of Harville's disabled adult sister, Harville's thirteen-year-old daughter, and ten-year-old niece (doc. 39, p. 1, 4).   In United States v. Bryant, - - - F. 3d - - -, 2021 WL 1827158, at *1 (11th Cir. May 7, 2021), the Court of Appeals for the Eleventh Circuit held that the Sentencing Commission's Policy Statement U.S.S.G. § 1B1.13 applies when a defendant files a motion for compassionate release. Application Note 1(C)(i) in the Policy Statement provides that extraordinary and compelling reasons for compassionate release may exist upon the "death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13, cmt. n.1(C)(i).

The Sentencing Guidelines do not define the term "incapacitation," however, the Bureau of Prisons Program Statement 5050.50 defines incapacitation to mean "the family member caregiver suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child."  The Program Statement also states that for "requests based on an incapacitated family member caregiver, verifiable medical documentation of the incapacitation" is necessary.

To the extent that Harville seeks compassionate release to care for her daughter based on her mother's alleged incapacitation, she has not provided any evidence to document her mother's incapacitating conditions, such that the Court could ascertain whether extraordinary and compelling circumstances exist.  Additionally, if her mother was found to be incapacitated within the purview of the Policy Statement or the Program Statement, there is no evidence that

Harville is the only other person available to care for her minor daughter.  At the time of sentencing, Harville's daughter and minor son were in the care of her adult son (doc. 32, p. 8-9).  Also, although the minor children were in the custody of their adult brother, there is no evidence that their father is not capable of taking care of his minor children at this time.  See United States v. Burch, 2021 WL 1530726, at *3 (M.D. Fla. Apr. 19, 2021) (finding that Burch did not establish an extraordinary and compelling reason where he offered no evidence that the primary caregiver had stopped taking care of his children or that he was the only other caregiver available).

      To the extent that Harville seeks compassionate release to care for her disabled adult sister, or to care for her mother, neither the sibling relationship nor the parent-child relationship falls within the parameters of the Policy Statement or the Program Statement.  Accordingly, Harville's motion is denied.

      **DONE** and **ORDERED** this 17th day of May 2021.

      **s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**